UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JULIAN RODRIGUEZ,
Institutional ID No. 1839960

          Plaintiff,

v.

COURTNEY O'NEAL, *et al.*,

          Defendants.

No. 5:23-CV-00062-H

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After judicial screening under 28 U.S.C. §§ 1915(e); 1915A, the United States Magistrate Judge made findings, conclusions, and a recommendation that the Court dismiss Plaintiff's complaint and all claims within it. Dkt. No. 21. Plaintiff objected. Dkt. No. 23. Plaintiff also requested to supplement his complaint to add new claims of retaliation against several new defendants from multiple prison units, and he requested appointment of counsel. *Id.* As explained below, the Court denies Plaintiff's requests for counsel and to supplement, overrules his objections, and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

**1.    Plaintiff's Objections**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(a)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. Plaintiff objected generally to the Magistrate Judge's recommendation that his claims be dismissed, but he did not point to any specific portion of

the Magistrate Judge's analysis or explain why he believes it was wrong. The Court conducted a de novo review of the relevant portions of the record and the Magistrate Judge's report. The Court concludes the Magistrate Judge's findings and conclusions are correct and overrules Defendant's general objections. The Court also independently examined the record and reviewed the unobjected-to portions of the Magistrate Judge's findings, conclusions, and recommendation for plain error, and found none. Thus, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

2.   **Plaintiff's Request to Supplement**

Instead of addressing the Magistrate Judge's analysis, Plaintiff focus most of his two-page objections on his request to supplement his claims. He explains that he "real[l]y need[s] to add a few other officers for retaliation and organized crime." He goes on to describe two separate incidents—one at the Smith Unit and one at the Byrd Unit—in which he alleges that his property was lost, stolen, or destroyed by correctional officers. He asserts that the involved officers caused his property loss out of retaliation for his filing of this lawsuit, and he seeks to add several named officers as defendants in this case.

Federal Rule of Civil Procedure 15(d) provides that a "court may, on just terms, permit . . . a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This is true even if "the original pleading is defective in stating a claim." Fed. R. Civ. P. 15(d). But "[l]eave to supplement should not be granted where a plaintiff attempts to present 'new and different cause[s] of action.'" *Shafer v. Sanchez*, No. 2:22-CV-00049, 2023 WL 11857648, at *2 (S.D. Tex. Jan. 25, 2023); *Garcia v. Hackman*, No. CA C-10-311, 2011 WL 2457918, at *19 (S.D.

Tex. June 16, 2011) (quoting *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226, (1964)).

Plaintiff's original complaint focused on his fight with his cellmate on March 6, 2023. He alleged that the defendants failed to protect him from his cellmate, failed to provide adequate medical evaluation and treatment following the assault, and allowed his property to be lost or stolen when he was removed from the cell. Plaintiff's proposed supplemental claims stem from entirely separate incidents of property loss and alleged retaliation, purportedly carried out by different defendants, and some of which occurred at a different prison unit. Plaintiff's new claims do not appear to involve the same defendants named in this case and are not closely related to the claims in his original complaint. As a result, the Court denies Plaintiff's request to supplement his claims here.

However, although Plaintiff may not add his new claims to this case, he may pursue these allegations in a separate cause of action, as instructed below, should he choose to do so.

3.    **Plaintiff's Request for Appointment of Counsel**

Plaintiff also asked the Court for appointment of counsel. To the extent Plaintiff seeks appointment of counsel on his claims in this civil action, his request is denied as moot. To the extent Plaintiff seeks appointment of counsel to pursue his new claims, the Court denies the request as premature.

"A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming an *in forma pauperis* status,

the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–02 (1989).

When deciding whether to appoint counsel in a Section 1983 case, the Court may consider several factors, including:

1. the type and complexity of the case;

2. the petitioner's ability adequately to present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293, n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991))).

After considering the factors above, the Court finds that appointment of counsel is not warranted at this time. The Court notes that Plaintiff has not shown any inability to adequately present and investigate his case or shown that exceptional circumstances are involved to justify the appointment of counsel at this stage of the case. Plaintiff's request for appointment of counsel is denied without prejudice to Plaintiff's right to request appointment of counsel after the Court has completed screening of the case or should there be a material change of circumstances.

4. **Conclusion**

As discussed above, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge. As a result, Plaintiff's complaint and all claims

asserted within it are dismissed with prejudice, except for his claim for declaratory relief, which is dismissed without prejudice for lack of standing. The Court will enter judgment accordingly.

## 5. Instructions for Pursuing New Claims

The Clerk is directed to open a new prisoner civil-rights action in this Court with Dkt. No. 23 as the initiating document. The case should list the following defendants: Captain Macintag, Property Acosta, Asst. Warden C. Parker, N. Torres, D. Vailes, Asst. Warden A. Rodriguez, and Officer Harrera or Barrera. The Clerk will also docket a copy of this order in the new case.

If Plaintiff wishes to pursue these claims, he must file a complete amended complaint on the court-approved form. Plaintiff must answer each question on the form and must present his entire complaint against the newly named defendants on the form unless it is necessary to attach additional pages. Plaintiff must (1) identify each defendant, (2) describe the unconstitutional or unlawful acts or omissions of each defendant, and (3) describe when and where each act or omission occurred. Additionally, Plaintiff must clearly identify the relief he seeks. Plaintiff may not incorporate by reference, or otherwise, any portion of the complaint previously submitted and may not attach the prior complaint or amended complaint as an exhibit. Plaintiff's amended complaint must be signed. If Plaintiff fails to comply with this order within 30 days, the Court will dismiss the new action without further notice.

So ordered.

Dated April 2, 2025.

JAMES WESLEY HENDRIX
United States District Judge